**Arnold BAILEY, Plaintiff-Appellant-Cross Appellee,**

v.

**KAWASAKI–KISEN, K.K., Defendant-Appellee-Cross Appellant,**

**American Mutual Liability Insurance Company, Intervenor.**

No. 73–1350
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

May 25, 1973.

Arnold C. Jacobs, New Orleans, La., for appellant.

Paul A. Nalty, New Orleans, La., James W. Hailey, Jr., Metairie, La., for Kawasaki and American Mut. Liability Ins. Co.

* Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409 Part I.

Before GEWIN, COLEMAN and MORGAN, Circuit Judges.

PER CURIAM:

In this case, Arnold Bailey brought suit against the KAWASAKI-KISEN, K.K., aboard which he had been working as a longshoreman, alleging that he sustained certain injuries as a result of the vessel's unseaworthiness. Trial was had before a jury and a judgment was returned in favor of the defendant KAWASAKI-KISEN, K.K. On appeal this court reversed and remanded for a new trial because of the improper exclusion of evidence. Bailey v. Kawasaki-Kisen, K.K., 455 F.2d 392 (5th Cir. 1972). The necessary facts are set forth in that opinion. At the retrial of this case the jury was waived. Upon a full consideration of the original record, supplemented by the evidence which had theretofore been excluded, the district court found the vessel to be unseaworthy and further concluded that this unseaworthiness was the proximate cause of Bailey's injuries. Damages were awarded in the amount of $5,089.55.[1] Bailey appeals from the district court's assessment of damages and KAWASAKI-KISEN, K.K. cross-appeals from its finding of liability based on unseaworthiness. We affirm the district court's judgment in all respects.

■■ On this appeal essentially what both parties seek is a review of the sufficiency of the evidence underlying the trial court's conclusions on the unseaworthiness and damages issues. A careful review of the briefs and record in this case discloses ample evidence to support the district court's determination that the vessel was unseaworthy due to an excessive amount of grease on both the cable and winch drum and that this condition caused the boom to fall, resulting in Bailey's injury. We find also that the district court's award of dam-

ages was similarly supported by the evidence. It held that any disability suffered by Bailey had terminated within thirteen weeks of the date of the accident if not in a shorter span of time. The trial court considered and specifically rejected the possibility that there was any connection between the accident and Bailey's complaints of disability and pain beyond the period for which he was permitted to recover damages. The judgment of the district court is affirmed.

---

1. Damages were allocated as follows:

|  |  |
|---|---|
| Loss of wages for 13 weeks at $78.18 | $1,016.34 |
| Medical expenses | 573.21 |
| Pain and suffering | 3,500.00 |
| Total | $5,089.55 |